[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PENDENTE LITE MOTIONS (DOCKET ENTRIES#124, 125 AND 127)
The court has for decision three pendente lite motions; plaintiff's motion for alimony and child support, plaintiff's motion for contribution re: costs and fees and defendant's motion for order re: sale of family residence. This is a proceeding for dissolution of marriage brought by the plaintiff wife against the defendant husband. The action was commenced on December 10, 1993. The parties were married on September 4, 1982. There are two children issue of the parties; Luca age 11 and John age 9.
On January 11, 1994 orders were entered on several other CT Page 8914 pendente lite motions upon agreement of the parties. (See docket entry #113). At that time the court ordered and the parties agreed upon joint legal custody of the minor children. The children are represented by counsel and the issue of custody and visitation has been referred to Family Relations for study. The defendant has the children with him alternate weeks from Thursday evening to Monday morning and on Thursday on the in between weeks.
The plaintiff resides with the two minor children in the family residence at 297 Neck Road in Madison. The plaintiff is 39 years of age and her health is good. She is a labor and delivery nurse at Yale New Haven Hospital working a 20 hour week at an hourly rate of $19.53. Her gross weekly income for the last three months is $391.00 with a net weekly income of $270.00.
The defendant is a plastic surgeon with privileges at Yale New Haven Hospital, St. Raphael Hospital, Middletown Hospital and Bridgeport Hospital. He has recently rented a house on Flying Point Road in Branford, signing a one year lease in July. The monthly rental is $1,800.00. The home consists of 4 bedrooms, 2 baths and kitchen, living room, and dining room. The defendant is also 39 years of age, is a graduate of the University of Rome, completed his general surgery residency in Pittsburgh in 1988 and his plastic surgery residency at Yale in 1990. He has been in his own practice since January 1991 with two offices, one in New Haven and one in Guilford. He practices with a group of plastic surgeons called the Connecticut Center for Plastic Surgery. He shares expenses with the other members of the group. His net income from his practice in 1992 was $164,000 and for the year 1993 was $225,400. However he estimates his income for the year 1994 to be no greater than $150,000. There are a number of reasons for this decline in income, the primary reason being that he has been absent from work for nearly two months, or, as plaintiff's counsel has argued, a week a month.
In March he went skiing in Colorado with the children and injured his knee. This trip was a week in length. He had surgery on the knee in June and was out of work for two weeks. He made a trip to London and two trips to Italy, the most recent trip to Italy being ten days duration in July. He presents a picture of a "recently acquired income deficiency syndrome, " commonly called RAIDS.
The defendant is to be hospitalized in October for heart surgery. Aortic insufficiency has been diagnosed and the aortic CT Page 8915 valve must be replaced with an artificial valve. Recovery will be 5 to 6 weeks. The defendant has testified that the impact of his absence from work will not be felt until February 1995 because of receipts of accounts receivable during the period he is absent from work.
The defendant's financial affidavit shows "gross patient fees less all business expenses" of $2,885.00 per week. He then shows a net weekly figure of $2,080.00 after deducting federal tax liability, state tax liability and an amount for social security and medicare which, in his case, would be as self employment tax. However, the tax figures are not currently being deducted so that the $2,885.00 weekly figure may be made available for current living expenses. The difficulty is that the monthly mortgage figure on the family home is $811.00 per week. By order of the court entered on July 22, immediately before the defendant went to Italy, he paid the July mortgage payment and the outstanding bills to SNET and CLP for the family home.
The motions presented to the court are pursuant to the provisions of § 46b-83 of the General Statutes. In accordance with the provisions of that section of the statutes, the court has considered the factors of § 46b-82 except the grounds for the complaint, and the factors of § 46b-84 of the General Statutes on the issue of support. In view of the combined incomes of the parties, the provisions of the Child Support Guidelines are not applicable except that support must be at least the amount provided for combined weekly incomes of $1,750.00. Having considered the provisions of the statutes, the evidence and relevant case law, the court orders that the defendant shall pay the August mortgage payment and any outstanding bills for electricity, water and trash to September 1, 1994 and commencing September 1, 1994 the sum of $1,500.00 per week as unallocated alimony and support, and continue to pay the plaintiff's automobile insurance. The plaintiff shall be responsible for payment of the mortgage and all household expenses together with those expenses she chooses to continue on Schedule A of her financial affidavit. She shall continue to keep current those liabilities listed in Schedule B of her financial affidavit. The court has based its decision entirely upon the income reported in the defendant's financial affidavit and not upon the defendant's earning capacity.
MOTION FOR COUNSEL FEES AND FEES FOR EXPERTS
The plaintiff is seeking $7,000.00 for legal fees and expert CT Page 8916 fees. There is a balance due for legal fees of $3,500.00 and $3,500.00 is sought for accountant's fees to value the defendant's practice. Plaintiff's counsel has received a retainer of $5,000.00 from his client. She had paid $3,500.00 to prior counsel.
This motion is presented to the court pursuant to § 46b-62 of the General Statutes. As was true of § 46b-83 of the General Statutes the court must consider the criteria of § 46b-82 and the parties respective financial abilities. The plaintiff does not have the financial ability to pay counsel fees. The defendant owes $17,000 in 1993 income taxes (state and federal), has paid no 1994 estimated taxes and owes other substantial sums. On the other hand he is owed substantial sums upon his business accounts receivable. Having considered the relative financial positions of the parties and the criteria of § 46b-82 of the General Statutes, the court orders that the defendant shall pay to the plaintiff the sum of Six Thousand ($6,000.00) Dollars in two installments of Three Thousand ($3,000.00) Dollars each, Three Thousand ($3,000.00) Dollars on or before October 15, 1994 and ($3,000.00) Dollars on or before January 1, 1995. Of these amounts Three Thousand ($3,000.00) Dollars shall be considered as expert fees and Three Thousand ($3,000.00) Dollars as a contribution toward the plaintiff's counsel fees.
MOTION TO SELL FAMILY RESIDENCE (Docket Entry #127)
As is true of all pendente lite motions, this motion is also presented pursuant to § 46b-83 of the General Statutes. There is no authority pursuant to § 46b-83 for the court to order sale of the marital property pendente lite. This motion is, therefore, denied at this time.
Orders shall enter in accordance with the foregoing.
Edgar W. Bassick III, Judge